NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GURJEET SINGH; NARENDRA KAUR;
N. K.,

          Petitioners,

  v.

TODD BLANCHE, Acting Attorney
General,

          Respondent.

No. 25-4178

Agency Nos.
A220-721-705
A220-940-686
A220-940-687

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 22, 2026
San Francisco, California

Before: WARDLAW, BRESS, and SANCHEZ, Circuit Judges.

      Gurjeet Singh, his wife, and their daughter (collectively, "Singh"), natives and

citizens of India, petition for review of a Board of Immigration Appeals ("BIA")

decision denying as untimely Singh's motion to reopen immigration proceedings.

We "review the BIA's denial of a motion to reopen for an abuse of discretion."

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). The BIA abuses its discretion when it acts "arbitrarily, irrationally, or contrary to the law" or "fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

A motion to reopen must typically be filed within 90 days of the final order of removal. *See Hernandez-Ortiz*, 32 F.4th at 800 (citing 8 U.S.C. §§ 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2)). However, this time limit does not apply if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017). Singh filed his motion to reopen outside of the 90-day deadline, but he argues he met the exception for changed country conditions. We agree with Singh that the BIA erred, in part, in considering his motion to reopen.

As an initial matter, the BIA validly disregarded Singh's documentary evidence attached to his motion to reopen. A substantial portion of Singh's evidence either predates his merits hearing with the Immigration Judge on April 28, 2022, is

undated, or has no legible date. Singh has not shown why he could not have reasonably discovered this evidence earlier. Regardless, even considering all of Singh's documentary evidence, the BIA did not abuse its discretion in determining that the country reports do not establish a material change in country conditions. Rather, as the BIA recognized, the "reports establish a continuation of adverse conditions, rather than a substantial change in country conditions since the time of [Singh's] initial merits hearing in 2022."

However, the BIA erred in concluding that Bharatiya Janata Party members threatening to kill Singh and attacking his family in India, in January and April 2025, amounted only to "a change in personal circumstances, rather than a change in country conditions." Under our precedents, these events in the country of removal and outside of Singh's control constituted a change in country conditions, not a change in personal circumstances. *See Kaur v. Garland*, 2 F.4th 823, 831 (9th Cir. 2021) (holding that while the in-laws' threats were "personal to the petitioner," they were still "changed circumstances in the country of origin . . . entirely outside her control"); *Reyes-Corado v. Garland*, 76 F.4th 1256, 1262 (9th Cir. 2023) (recognizing that new threats against the petitioner's family in his home country were changed country conditions, despite the "'intra-family' nature of the purported changed circumstance").

While the government contends that the 2025 attacks on Singh's family were

not material changes in country conditions, the BIA did not rule on this basis. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency."). We therefore grant the petition so that the BIA may consider further the import of the 2025 attacks on Singh's family.

**PETITION GRANTED.**[1]

---

[1] Counsel for petitioners' motion to withdraw as counsel, Dkt. 32, is granted. The motion for a stay of removal, Dkt. 12, is granted.

25-4178